**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SU WEN OU, AKA Shiwen Ou, | No. 09-71338 |
| Petitioner, | Agency No. A077-997-656 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2013[**]
San Francisco, California

Before: WALLACE, M. SMITH, and IKUTA, Circuit Judges.

Shiwen Ou, a native and citizen of China, petitions for review of the Board

of Immigration Appeals' (Board) order dismissing his appeal from an immigration

judge's (IJ) decision denying his application for asylum. Our jurisdiction is

governed by 8 U.S.C. § 1252. We review for substantial evidence, *Singh v.*

---

[*]  This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Ashcroft*, 367 F.3d 1139, 1143 (9th Cir. 2004), and we deny the petition for review.

Substantial evidence supports the Board's adverse credibility determination because numerous inconsistencies existed between Ou's application, his brother's testimony and separate asylum application, including discrepancies between their household registers. *See Kaur v. Gonzalez*, 418 F.3d 1061, 1066-67 (9th Cir. 2005) (numerous inconsistencies cast doubt on a petitioner's story by creating an "indication of dishonesty"); *Pal v. INS*, 204 F.3d 935, 939-40 (9th Cir. 2000) (adverse credibility finding supported where inconsistencies between testimony and application went to the heart of the claim).

We lack jurisdiction to consider both Ou's due process claim and his argument that the IJ erred in finding he filed a frivolous asylum application, because Ou failed to raise these claims in his brief on appeal to the Board. *Abebe v. Mukasey*, 554 F.3d 1203, 1207-08 (9th Cir. 2009). The Board's statement that Ou "has not specifically challenged" the IJ's finding of frivolousness on appeal "made clear that it did not pass on that issue." *Abebe v. Gonzales*, 432 F.3d 1037, 1041 (9th Cir. 2005).

Ou does not challenge the IJ's denial of withholding of removal and CAT claims and therefore they are waived. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004).

**PETITION DENIED.**